**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re: LLOYD ALLAN JONES,** aka | : | **Chapter 13** |
| Lloyd A. Jones, aka Lloyd Jones | : | **Case No. 5:16-bk-02223-JJT** |
| Debtor, | : | |
| | | |
| **LLOYD ALLAN JONES,** | : | Adversary Proceeding |
| Plaintiff, | : | No. **5:17-ap-00_____** |
| vs. | : | Complaint to Determine |
| **U.S. BANK, N.A.,** as Trustee for Residential Asset | : | Secured Status |
| Securities Corporation, Home Equity Mortgage | : | |
| Asset-Backed, Pass-through Certificates, Series | : | |
| 2006-EMX9, and | : | |
| **AMERICA'S SERVICING COMPANY,** | : | |
| Defendant | : | |

**COMPLAINT TO DETERMINE SECURED STATUS,**
**<u>OBJECTION TO PROOF OF CLAIM AND FOR DECLARATORY JUDGMENT</u>**

AND NOW COMES Plaintiff **LLOYD ALLAN JONES**, with **Complaint to Determine**

**Secured Status and for Declaratory Judgment** against **U.S. BANK, N.A.,** as Trustee for

Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed, Pass-through

Certificates, Series 2006-EMX9 and **AMERICA'S SERVICING COMPANY** to determine the secured

status and for declaratory judgment, in support thereof avers:

1.  Plaintiff is Debtor **LLOYD ALLAN JONES**, and individual with an address of 303

Rustic Drive, East Stroudsburg, PA 18301.

2.  Defendant **U.S. BANK, N.A., as Trustee for Residential Asset Securities**

**Corporation, Home Equity Mortgage Asset-Backed, Pass-through Certificates, Series 2006-**

**EMX9** ("**US BANK**") is a financial institution with an address of record care of America's Servicing

Company, Default Document Processing, MAC# N9286-01Y, 1000 Blue Gentian Road, Eagan, MN

55121-7700.

3. Defendant **AMERICA'S SERVICING COMPANY** ("**ASC**") is a mortgage servicer with an address of record of Default Document Processing, MAC# N9286-01Y, 1000 Blue Gentian Road, Eagan, MN 55121-7700.

4. **US BANK** is the holder of a first lien priority mortgage recorded in the Monroe County Recorder of Deeds at Deed Book 2279, Page 1861 ("the Mortgage") secured by Debtor's residence known as 303 Rustic Drive, East Stroudsburg, PA 18301, formerly known as 27 North Park Estates, East Stroudsburg, PA 18301 ("the Property").

5. **ASC** is the servicer of the Mortgage.

6. The Court has jurisdiction over this proceeding pursuant to Sections 1334 and 157(b) of Title 28 of the United States Code.

7. This adversary proceeding is a core proceeding pursuant to Section 28 U.S.C. 157(b)(2)(A&B).

8. Plaintiff consents to entry of a Final Order in this Adversary Proceeding by the Bankruptcy Court.

9. Plaintiff **LLOYD ALLAN JONES** filed the above-captioned Chapter 13 Bankruptcy case on May 25, 2016 (the "Petition Date").

10. At the time of Petition Date, Plaintiff owned and resided in the Property.

11. At the time of the Petition Date and through the date of filing of this Complaint, Plaintiff was the sole owner of the Property. A true and correct copy of the Deed is filed with this Complaint as an exhibit and incorporated herein by reference as if set out at length.

12.     At the time of Petition Date, the Property had a fair market value of $135,000.  A true and correct copy of an Appraisal is filed with this Complaint as an exhibit and incorporated herein by reference as if set out at length.

13.     On September 26, 2016, Defendants filed Proof of Claim No. 6, which represents the Mortgage.  A true and correct copy of Proof of Claim No. 6, without exhibits, is filed with this Complaint as an exhibit and incorporated herein by reference as if set out at length.

14.     On November 4, 2016, Plaintiff filed a First Amended Chapter 13 Plan ("the Plan") which provided for satisfaction of the Mortgage upon payment, pursuant to the Plan, of $135,000 plus interest at a rate of five and one half (5.5%) percent to **US BANK**.  A true and correct copy of the Plan is filed with this Complaint as an exhibit and incorporated herein by reference as if set out at length.

15.     On December 12, 2016, Defendants filed an Objection to Confirmation of the Plan.  A true and correct copy of the Objection to Confirmation of the Plan, without exhibits, is filed with this Complaint as an exhibit and incorporated herein by reference as if set out at length.

**COUNT I: SECURED STATUS & OBJECTION TO PROOF OF CLAIM**

16.     The averments of paragraphs 1 through 15 above are incorporated herein by reference as if set out at length.

17.     11 U.S.C. § 506(a) limits a creditor's allowed claim is only a "secured claim to the extent of the value of such creditor's interest in the estate's interest in such property" and an provides that the claim is unsecured "to the extent the value . . . is less than the amount of such allowed claim."

Case 5:17-ap-00036-JJT    Doc 1    Filed 03/06/17    Entered 03/06/17 14:26:39    Desc
Main Document    Page 3 of 6

18.     11 U.S.C. § 506(d) provides, in pertinent part, that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

19.     The Mortgage constitutes a lien for the purpose of 11 U.S.C. § 506.

WHEREFORE, Plaintiff **LLOYD ALLAN JONES** prays this Honorable Court for an Order that grants judgment in his favor and against **U.S. BANK, N.A.,** as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed, Pass-through Certificates, Series 2006-EMX9 and **AMERICA'S SERVICING COMPANY,** and an Order:

   a.   that the value of 303 Rustic Drive, East Stroudsburg, PA 18301, is $135,000;

   b.   that to the extent the amount of Proof of Claim No. 6 is greater than $135,000, that amount of Proof of Claim No. 6, which is in excess of $135,000 is unsecured;

   c.   that to the extent the Defendants have a lien against 303 Rustic Drive, East Stroudsburg, PA 18301, that is greater than $135,000, that amount of the lien, which is in excess of $135,000, is void; and

   d.   such other and further relief as this Honorable Court deems just and appropriate.


**COUNT II: DECLARATORY JUDGMENT**

20.     The averments of paragraphs 1 through 19 above are incorporated herein by reference as if set out at length.

21.     28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 provide that "[i]n a case of actual controversy within its jurisdiction . . .  any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

Case 5:17-ap-00036-JJT    Doc 1    Filed 03/06/17    Entered 03/06/17 14:26:39    Desc
Main Document      Page 4 of 6

22. Defendants' Objection to the Plan constitutes an actual controversy under 28 U.C.S. § 2201, and is not excluded by 28 U.C.S. § 2201.

23. 11 U.S.C. § 1325(a)(5) allows for Confirmation of Plan if, "with respect to each allowed secured claim provided for by the plan," the plan provides, in pertinent part, that:

a. "the holder of such claim retain the lien securing such claim until . . . discharge under section 1328;" and

b. "if the case . . . is dismissed or converted without completion of the plan, such lien shall also be retained;" and

c. "the value, as of the effective date of the plan, or property to be distributed under the plan on account of such [secured] claim is not less than the allowed amount of such claim."

24. 11 U.S.C. § 1322(b)(2) provides that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence."

25. Modify is defined as: To alter; to change in incidental or subordinate features; enlarge, extent; amend; limit, reduce. Such alteration or change may be characterized, in quantitative sense, as either an increase or decrease. Black's Law Dictionary 1004 (6th ed. 1990).

26. Modification is defined as: A change; an alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact. Black's Law Dictionary 1004 (6th ed. 1990).

27. The Plan does not seek to "modify" the Mortgage or Claim, but to satisfy it. There is no alternation, but rather elimination, as, but for ministerial acts, there will be no further mortgage or claim upon completion of the Plan and Discharge.

28. The Plan complies with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, Plaintiff **LLOYD ALLAN JONES** prays this Honorable Court for an Order that grants judgment in his favor and against **U.S. BANK, N.A.,** as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed, Pass-through Certificates, Series 2006-EMX9 and **AMERICA'S SERVICING COMPANY,** and an Order:

a. that the First Amended Chapter 13 Plan complies with 11 U.S.C. §§ 1322 and 1325;

b. that the First Amended Chapter 13 Plan can be Confirmed;

c. that the First Amended Chapter 13 Plan complies with 11 U.S.C. §§ 1322 and 1325 to the extent the value of 303 Rustic Drive, East Stroudsburg, PA 18301is $135,000 or less; and

d. that the First Amended Chapter 13 Plan can be Confirmed to the extent the value of 303 Rustic Drive, East Stroudsburg, PA 18301is $135,000 or less; and

e. such other and further relief as this Honorable Court deems just and appropriate.

**NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI**

By:    /s/ Jason Zac Christman
**JASON ZAC CHRISTMAN, ESQUIRE**
Attorney for Debtor
Attorney ID No. 80009
P.O. Box 511, 712 Monroe Street
Stroudsburg, PA  18360
(570) 421-9090, fax (570) 424-9739
jchristman@newmanwilliams.com

6