IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| LLOYD ALLAN JONES, | : | BANKRUPTCY NO.: 5-16-bk-02223-JJT |
| DEBTOR | : | |
| LLOYD ALLAN JONES, | : | {**Nature of Proceeding**: Defendants' Motion to Dismiss Complaint (Doc. #10)} |
| PLAINTIFF | : | |
| vs. | : | |
| U.S. BANK, N.A., as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed, Pass-through Certificates, Series 2006-EMX9, and AMERICA'S SERVICING COMPANY, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-17-ap-00036-JJT** |

# OPINION

The Debtor, Lloyd Jones, has filed an adversary complaint against his mortgagee bank, U.S. Bank, N.A. entitled Complaint to Determine Secured Status, Objection to Proof of Claim and for Declaratory Judgment. It is a two Count Complaint. Count I asks that I determine secured status and stands as an Objection to Proof of Claim #6 filed by U.S. Bank. Count II basically asks that I confirm Debtor's pending Chapter 13 plan. The Bank has filed a Motion to Dismiss.

The Proof of Claim of U.S. Bank is $446,812.25. P of C #6. The Debtor values the collateral, which is the residence of the Debtor, at $135,000. The Debtor's plan seeks to satisfy the mortgage by paying the sum of $135,000 with interest to the mortgagee over the life of the plan. The Bank has filed an Objection to the plan alleging that it is protected by the antimodification language of §1322(b)(2) and therefore the plan is not confirmable.

I initially note that just because a secured debt is protected by the antimodification

provisions of §1322(b)(2), is not an impediment to a determination of the secured status of a claim which can still be divided into secured and unsecured portions. *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 328, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993). For that reason alone, I am compelled to deny the dismissal motion relative to Count I.

With regard to Count II, the parties appear to assume that U.S. Bank qualifies as a creditor secured only by residential real estate but that has not been pled by either party. In the absence of an allegation in the Complaint, I would think the provisions of §1322(b)(2) are an affirmative defense to a proposed "stripdown" of a secured creditor, thus requiring an answer to the Complaint.

While I may be compelled to deny the Motion to Dismiss, it does appear that the Debtor's argument that he is not "modifying" the mortgage, but "satisfying" it, and therefore, its unsecured portion can be addressed short of full payment is rather curious. I don't doubt that the mortgage and/or note provides for some sort of prematurity satisfaction, but I would doubt that the sum required would be significantly less than the principal due, and any less would presumably effect a modification.

While I deny the Motion to Dismiss, this Count may become moot by virtue of the scheduling of a confirmation hearing on August 8, 2017.

My Order will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

Date: July 24, 2017